UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  Case No: 09-22508-CV-LENARD/TURNOFF

ALEX NEUMAN,

    Plaintiff,

vs.

CTRL SYSTEMS, INC., and
ROBERT H. ROCHE, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Plaintiff's Motion to Strike Affirmative Defenses **[D.E. 8]**, and an Order of Referral entered by the Honorable Joan A. Lenard on October 1, 2009. **[D.E. 9]**.

Upon review of the Motion **[D.E. 8]**, the Response **[D.E. 17]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### I. Background

This action was filed by Plaintiff Alex Neuman pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (b)(hereinafter "FLSA").  The Complaint was filed on August 26, 2009.  CTRL Systems, Inc. and its director, Robert Roche are named as Defendants. **[D.E. 1]**.

In the Complaint, Plaintiff alleges, among other things, entitlement to unpaid overtime. Defendants filed their Answer and Affirmative Defenses on September 24, 2009. **[D.E. 5]**. Plaintiff filed the instant Motion to Strike Affirmative Defenses **[D.E. 8]** on September 30, 2009. Plaintiff specifically argues that Defendants' affirmative defenses should be stricken, because they

merely deny, or otherwise point out, defects or lack of evidence in the Complaint.

## II. Applicable Law

As a general matter, courts have broad discretion in considering a motion to strike defenses. However, motions to strike are generally disfavored unless the allegations have no possible relation to the controversy and may cause prejudice to the other party. See Poston v. Am. President Lines, Ltd., 425 F. Supp. 568, 570 (S.D. Fla. 1978).

In this connection, Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). In other words, a defense will be stricken if it is insufficient as a matter of law. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314(S.D.Fla.2005) (quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)(a defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law)).

Affirmative defenses must also comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which require a "short and plain statement" of the claimed defense. Defendants are not required to set for detailed facts. However, Defendants must provide "fair notice" of the defense and "the grounds upon which it rests."

By definition, an "affirmative defense" is established when a defendant admits to the essential facts of the complaint, but sets forth other facts in justification and/or avoidance. See Boldstar Technical, L.L.C. v. Home Depot, Inc., 517 F.2d 1283 (S.D.Fla. 2007). A defense that simply points out defects or flaws in the complaint is not an affirmative defense. See In re Rawson Food Service, Inc., 846 F. 2d 1343, 1349 (11th Cir 1988).

### III. Analysis

**A.    Request to Strike First Affirmative Defense**

The affirmative defense in question states, "[a]t all times relevant Plaintiff was exempt from the minimum wage requirements of the Fair Labor Standards Act pursuant to 29 U.S.C.§ 213 (a)(1) as an outside sales employee." See Answer **[D.E. 5]**.

Plaintiff argues that Defendant merely denies the allegations of the Complaint, and that as such, the affirmative defense must be stricken. However, Defendant correctly notes that the "exemption" defense is a legally cognizable defense to an FLSA action. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318-1319 (S.D.Fla. 2005). Further, Defendants are required to raise it in their initial pleadings or it will be deemed waived. Here, Defendants have provided sufficient information as to the applicable exemption, so as to survive a motion to strike under Rule 12(f). As such, it is **RESPECTFULLY RECOMMENDED** that the Motion be **DENIED** as to the first affirmative defense.

**B.    Request to Strike Second Affirmative Defense**

The affirmative defense in questions states, "[d]efendant, CTRL Systems, Inc. paid Defendant for all periods in which he worked but was not obligated to pay Defendant [sic] for periods when Defendant [sic] refused to provide satisfactory documentation to establish that he had performed services for Defendant, CTRL Systems, Inc." See Id.

Plaintiff argues that the affirmative defense is unclear because it mistakenly refers to "Defendant's" failure to provide documentation. Plaintiff further argues that the defense is still deficient even if the obvious clerical error is clarified. Specifically since, it is *Defendants* that are

required by the FLSA to maintain accurate time sheets reflecting the number of hours actually worked by employees – not Plaintiff.

Defendants concede that the defense contains a clerical error, and that they intended to refer to *Plaintiff's* failure to provide documentation. Notwithstanding the scrivener's error, Defendants maintain that Plaintiff was an "outside sales" employee who was required to provide documentation as to the hours worked.

The undersigned has reviewed the pleadings and relevant law and finds that while it is true that Defendant is duty-bound to keep accurate time records, in an "outside sales" setting, the employee is not necessarily "punching a clock." Typically, the employee reports his/her hours by submitting time sheets or some other documentation. Accordingly, the undersigned finds that the defense is appropriate. Consistent with the above, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion be **DENIED** as to the second affirmative defense. It is **FURTHER RESPECTFULLY RECOMMENDED** that Defendant's Motion for leave to correct the scrivener's error be **GRANTED**.

**C. Request to Strike Third Affirmative Defense**

The affirmative defense in question states "[d]efendant, CTRL Systems, Inc., paid Plaintiff in excess of the minimum wage for the periods in which Plaintiff performed services for Defendant, CTRL Systems, Inc." See Id.

Plaintiff argues that the purported defense merely denies the allegations in Plaintiff's Complaint, and as such, should be stricken. Defendants concede that the defense, as drafted, denies the allegations in the Complaint. However, Defendants argue that the fact that they paid Plaintiff wages in excess of minimum wage would serve as their "ultimate defense." Defendants further

argue that Plaintiff is not prejudiced by the assertion of this defense.

The undersigned has reviewed the affirmative defense in question and finds that it does more than deny the allegations in the Complaint; namely, it indicates that it paid Plaintiff an amount greater than minimum wage. Without making any findings as to the merits of the defense itself, the undersigned finds that the defense is otherwise sufficient to survive a motion to strike under Rule 12 (f). Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion be **DENIED** as to the third affirmative defense.

### D. Request to Strike Fourth Affirmative Defense

The affirmative defense at issue states, "[o]ne or more of the Plaintiff's claims are barred by the doctrine of unclean hands." See Id. Plaintiff argues that the defense is deficient in that it fails to state what actions by Plaintiff constitute unclean hands.

Defendant correctly notes that "unclean hands" is a valid defense under the FLSA. However, the defense, as drafted, fails to provide specific information sufficient to provide notice of the theory of defense, as required by Rule 12 (f) and the relevant case law. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion be **GRANTED** as to the fourth affirmative defense. It is **FURTHER RESPECTFULLY RECOMMENDED** that Defendant be allowed to amend its fourth affirmative defense to correct the deficiencies.

### E. Request to Strike Fifth Affirmative Defense

The defense at issue states, "[a]t all times relevant, the Defendants' actions or omissions were in good faith and in compliance with all applicable statutes and regulations, and they had reasonable grounds to believe that their actions, or their failures to act, did not violate the FLSA." See Id. Plaintiff argues that same should be stricken, because it simply denies Plaintiff's allegations and

constitutes a "legal conclusion."

Again, Defendant correctly notes that a "good faith" defense is provided for in the FLSA; See 29 U.S.C. § 260. However, the affirmative defense, as drafted, is lacking in sufficient details, and as such, fails to provide the requisite notice of the theory of defense.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion be **GRANTED** as to the fifth affirmative defense. It is **FURTHER RESPECTFULLY RECOMMENDED** that Defendant be allowed to amend its fifth affirmative defense to correct the deficiencies.

Pursuant to Local Magistrate Rule 4 (b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in Chambers at Miami, Florida on this 18th day of November 2009.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
Counsel of Record